UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| KENNETH CROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:08-0121 |
| ) | Judge Trauger |
| TONY PARKER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

**I. INTRODUCTION
AND
BACKGROUND**

The petitioner is a prisoner in the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. He seeks federal *habeas corpus* relief under 28 U.S.C. § 2254, naming Tony Parker, Warden at NWCX, as the respondent.

The Cumberland County Grand Jury returned a 5-count indictment against the petitioner charging him with: 1) vehicular homicide by intoxication; 2) aggravated vehicular homicide; 3) vehicular assault by intoxication; 4) driving under the influence (DUI); and 5) DUI, fourth offense. (Add. A, pp. 1-4)[1] The petitioner pled guilty on May 20, 2005 to aggravated vehicular homicide, and was sentenced as a Range I standard offender to 20 years. (Add. A, p. 5; Add. D) He did not appeal.

The petitioner filed a petition for state post-conviction relief on March 23, 2006. (Add. A, pp. 6-24, 32-35) Post-conviction counsel was appointed, the petition amended, and an evidentiary hearing was held on April 25, 2007. (Add. A, pp. 33-35; Add. E) The petitioner's post-conviction

---

[1] The respondent filed the Addenda referred to herein with Docket Entry No. 15.

petition was denied on May 7, 2007. (Add. A, pp. 38-39)

The petitioner appealed. (Add. A, p. 45) The Tennessee Court of Criminal Appeals (Court of Criminal Appeals) affirmed the judgment of the post-conviction court on May 8, 2008. (Add. I) The Tennessee Supreme Court denied his application for permission to appeal on August 25, 2008. *Cross v. State*, No. E2007-01200-CCA-R3-PC, 2008 WL 1991115 at * 1 (Tenn. Crim. App.).

The petitioner submitted this *habeas corpus* action to the United States District Court for the Eastern District of Tennessee on December 2, 2008. The action was transferred from the Eastern District to the Middle District of Tennessee on December 9, 2008. (Docket Entry No. 4) Thereafter, the respondent was directed to file an answer, plead or otherwise respond to the petition. (Docket Entry No. 6)

The respondent initially filed a motion to dismiss, arguing that the petition was untimely. (Docket Entry No. 13) The petitioner responded that it was not. (Docket Entry No. 19) The respondent concurred, and subsequently responded to the petition on the merits. (Docket Entry No. 20, 22) The petitioner has not replied.

## II. ANALYSIS

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA). *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977). Title 28 U.S.C. § 2254, as amended by the AEDPA, provides the following with respect to granting a writ of *habeas corpus* to prisoners who are in custody pursuant to a state court judgment:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

2

> in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

An "unreasonable application" of clearly established federal law differs from an "incorrect application." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). Under the former, "a federal *habeas corpus* court may grant relief if the state court identifies the governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. The latter clause is satisfied when a state court "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law or . . . decides a case differently than the Court . . . on a set of materially indistinguishable facts." *Id*. at 364-65.

Where state courts have made factual determinations regarding issues presented for federal *habeas corpus* review, such determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Miller-el v. Cockrell*, 537 U.S. 322, 324 (2003). Under the AEDPA, the purpose of federal *habeas corpus* review is to "ensure that state court convictions are given effect to the extent possible under the law," not to conduct a federal re-trial. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### A. Whether Petitioner's Guilty Plea Was Knowing, Voluntary, and Intelligent

The petitioner argues that defense counsel failed to investigate his case, particularly the circumstances under which blood-alcohol evidence was obtained. (Docket Entry 3, Ground One, P. 6) According to the petitioner, "defense counsel's failure to investigate this blood testing and

3

failure to suppress blood toxicology evidence resulted in an ill advised plea of guilty." (Docket Entry No. 1, Ground One, p. 6) Therefore, according to the petitioner, his "plea cannot be deemed to be knowingly and voluntarily entered." (Docket Entry No. 1, Ground One, p. 6)

The petitioner couches this claim in the context of ineffective assistance of counsel. A claim of constitutionally ineffective assistance of counsel comprises two elements: 1) the attorney's performance must have been deficient, falling below an objective standard of reasonableness; and 2) the attorney's deficient performance must have prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice in the context of a guilty plea, the petitioner must show that, but for counsel's errors, "there is a reasonable probability" he would not have pled guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002).

The Court of Criminal Appeals addressed this issue on appeal from the judgment of the post-conviction court. In doing so, the Court of Criminal Appeals identified *Strickland* as controlling in those instances where ineffective assistance of counsel is alleged, and correctly applied the "guilty plea" standard for determining prejudice cited above. (Add. I, pp. 5-6)

The Court of Criminal Appeals noted the following in affirming the judgment of the post-conviction court on this issue:

> The post-conviction court found that there was no question of the petitioner's guilt; the petitioner's willingness to accept a fifteen-year sentence indicated the petitioner's responsibility for his involvement in the offense. The court noted that the petitioner accepted the twenty-year sentence to avoid the risk of receiving a greater sentence if and when convicted at trial. The court remarked that 'it would not be unreasonable for this Court to believe, that even though you found yourself between a rock and a hard place, that you basically took the best deal you could get.' Further, the court stated that although the petitioner received a longer sentence than he desired, 'that's no prejudice to the extent that it would have caused you to plead guilty to something that you didn't want to plead guilty to.'

4

> At the post-conviction hearing, the petitioner did not complain that he had insufficient time to consider the plea agreement, nor did he raise that issue in his post-conviction petition. Thus, the petitioner's complaint that the post-conviction court relied on a 'logical fallacy'[2] is unfounded. Our review of the record reflects that the petitioner repeatedly assured the trial court at the plea hearing that he was aware of the terms of his plea and the rights he was waiving by pleading guilty, and he nevertheless wanted to enter a guilty plea. At the post-conviction hearing, the petitioner testified that he would have accepted a plea agreement providing for a fifteen-year sentence.
>
> Moreover, at the post-conviction hearing counsel for the petitioner stated, 'I guess we can't really argue whether or not the motion to suppress would have been successful or not . . . . The question is, had the motion been filed and argued, what position would [the petitioner] have taken regarding his guilty plea?' The proof at the post-conviction hearing reflects that if the petitioner lost the motion to suppress, the State would have had substantial evidence against the petitioner in the form of blood alcohol test results. If the petitioner's motion to suppress had been successful, the State had witnesses who would testify that the petitioner smelled of alcohol, acted intoxicated, and drove erratically at or near the time of the crash. Thus, the State's case against the petitioner was strong, regardless of the outcome of the suppression motion. Further, our review of the plea hearing reflects that the petitioner informed the trial court that he was aware that by pleading guilty he was waiving his right to a motion to suppress. The petitioner entered his pleas to avoid a longer sentence, a valid reason for pleading guilty. . . .

(Add. I, pp. 6-7)(internal citations omitted) The Court of Criminal Appeals affirmed the judgment of the post-conviction court on this issue, concluding that "the petitioner failed to prove by clear and convincing evidence that counsel was ineffective." (Add. I, p. 7) The record supports the Court of Criminal Appeals' determination of this issue.

The transcript of the plea hearing shows, in relevant part, that the petitioner assured the trial

---

[2] In his brief on appeal from the judgment of the post-conviction court, the petitioner described "logical fallacy" as "using the petitioner's statements to the trial judge at the plea hearing, which indicated informed acquiescence, as proof that he was actually and in reality informed at that time despite his subsequent denial of such informed acquiescence." (Add. G, p. 5)

5

court under oath that: 1) defense counsel explained, and he understood, the terms of the agreement; 2) he understood the rights he was foregoing by pleading guilty; 3) he was aware of the evidence the prosecution was prepared to present if the case went to trial; 4) he made the decision to plead guilty of his "own free will and choice," and no one coerced him; 5) he understood that he would forfeit his motion to suppress if he pled guilty; and 6) he was satisfied with defense counsel's representation. (Add. D, pp. 4-23)

In addition to the foregoing, the plaintiff testified at the post-conviction evidentiary hearing – nearly 2 years after he entered his guilty plea – that he accepted the 20-year offer to avoid the possibility of a longer sentence, and that it was his decision to plead guilty. (Add. E, p. 21, 33, 37, 39) The petitioner also admitted that, even at that late date, he still would plead guilty if offered a 15-year sentence. (Add. E, pp. 21, 29) The following related exchange occurred on cross-examination:

> Q. Okay. And you stated earlier, you would have taken fifteen (15) years; is that right?
>
> A. Yes, Sir.
>
> Q. So, basically, we're here right now because of a five (5) year difference?
>
> A. Yes, sir. That, or less.

(Add. E, p. 29) The petitioner went on to testify that, when given a choice between a shorter sentence and a longer one, "[y]ou don't have to be a genius to figure out which one you want." (Add. E, p. 33)

As previously established, to demonstrate that he was prejudiced, the petitioner must show that, but for defense counsel's alleged ineffective assistance, he would not have pled guilty, and would have insisted on going to trial. As shown above, however, the petitioner still would have pled

6

guilty if offered a lesser sentence, regardless of the suppression issue. The petitioner's belief after the fact that he could have/should have gotten a better deal does not meet the standard for establishing prejudice.

The Court of Criminal Appeals' determination regarding this issue was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law. Neither was it an unreasonable determination of the facts in light of the evidence presented in the courts below. This claim is without merit.

### Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner has not made a substantial showing of a denial of a constitutional right. Therefore, a COA will not issue on this claim.

### B. Whether Defense Counsel Was Ineffective for Not Moving to Suppress Blood Toxicology Evidence

The petitioner asserts next that defense counsel's representation was deficient because she failed to move to suppress blood toxicology evidence and, as a consequence, he "was unable to make an informed and intelligent decision to plead guilty or go to trial." (Docket Entry No. 1, Ground Two, p. 7) Having already addressed the issue of the petitioner's guilty plea, the court will limit its analysis to defense counsel's representation with respect to the motion to suppress itself.

The petitioner testified at the post-conviction evidentiary hearing that he met with defense counsel on March 28, 2005, at which time he asked her to file a motion to suppress blood toxicology

7

evidence. (Add. E, pp. 15-19) The petitioner testified further that defense counsel told him that filing a motion to suppress would be unavailing under the circumstances of his case. (Add. E, pp. 16-17) Defense counsel's testimony confirmed the petitioner's recollection of her view that a motion to suppress was unlikely to succeed. (Add. E, pp. 42-43)

Notwithstanding her misgivings, the record shows that defense counsel did file a motion to suppress on May 5, 2005. (Add. F) Although the petitioner testified at the post-conviction evidentiary hearing that he first learned of the motion on May 20, 2005 at the plea hearing (Add. D, pp. 21-22), the petitioner was nevertheless aware of the motion before he pled guilty, and acknowledged under oath that he understood he was waiving his right to a hearing on the suppression issue by pleading guilty. (Add. D, pp. 11-12) The fact that the petitioner did not know until the day of the hearing that the motion had been filed is irrelevant. The petitioner had previously determined in his own mind that a motion to suppress would be to his advantage, as indicated by the fact that he asked defense counsel to file the motion nearly two months before. With two months to consider his request, all the petitioner had to do was to tell defense counsel: "Argue the motion." He chose instead to plead guilty. Finally, as previously discussed, *supra* at pp. 6-7, the petitioner admitted at the post-conviction evidentiary hearing that, even two years after the fact, he still would plead guilty were a 15-year sentence offered, notwithstanding the suppression issue.

For the reasons explained above, defense counsel's representation was not deficient. Neither was the petitioner prejudiced because he did not learn that the motion had been filed until the date of the plea hearing.

The Court of Criminal Appeals' determination with respect to this issue was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law. Neither was

it an unreasonable determination of the facts in light of the evidence presented in the courts below. This claim is without merit.

## Certificate of Appealability

For the reasons previously explained, *supra* at pp. 7-8, a COA will not issue with respect to this claim.

## III. CONCLUSION

For the reasons explained herein, the petition will be denied, the action dismissed, and a COA will not issue. An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge